J-S68021-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| JEFFERY SCOTT MAXWELL | |
| Appellant | No. 2014 WDA 2015 |

Appeal from the Judgment of Sentence dated November 23, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000196-2015

BEFORE:  SHOGAN, J., SOLANO, J., and STRASSBURGER, J.[*]

MEMORANDUM BY SOLANO, J.:                    **FILED NOVEMBER 14, 2016**

Appellant, Jeffery Scott Maxwell, appeals from the judgment of sentence of 60 days' incarceration, imposed following a jury trial, where he was found guilty of possession of marijuana,[1] a misdemeanor, and various summary traffic offenses:  driving while license is suspended or revoked, driving without a license, driving through a stop sign, and illegally parking in an intersection.[2]  With this appeal, appellate counsel has filed a petition to

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(31).

[2] 75 Pa.C.S. § 1543(b)(1), 75 Pa.C.S. § 1501(a), 75 Pa.C.S. § 3323(b), and 75 Pa.C.S. § 3353(a)(1)(iii), respectively.

withdraw and an **Anders**[3] brief, stating that the appeal is wholly frivolous. After careful review, we affirm the judgment of sentence and grant appellate counsel's petition to withdraw.

During the early morning hours of December 4, 2014, an officer from the Corry Police Department saw a black Ford truck driving eastbound on Main Street in Corry, Pennsylvania. N.T., 10/20/15, at 24. Before making a left turn on to Pennsylvania Avenue, the truck failed to come to a complete stop at a stop sign. The officer stopped the truck and asked Appellant to provide his license, registration, and proof of insurance, but Appellant did not comply. **Id.** at 26, 28-29. When the officer repeated his request, Appellant responded, "You got me, I'm drunk." **Id.**

Appellant had a suspended license at the time of the traffic stop. Ex. Commonwealth-2; N.T., 10/20/15, at 41, 105. The officer asked Appellant to exit the vehicle, conducted a pat down, and found a plastic bag of what appeared to be marijuana in Appellant's jacket. **Id.** at 31. Before the officer could ask Appellant about the contents of the bag, Appellant told the officer that the substance was marijuana, which forensic testing later confirmed. **Id.** at 31, 85, 91.

Following a jury trial, Appellant was found guilty of the offenses listed above and sentenced to 60 days' incarceration after a sentencing hearing on

---

[3] **Anders v. California**, 386 U.S. 738 (1967).

November 23, 2015. Appellant did not file a post-trial or post-sentence motion asserting that the verdict was against the weight of the evidence. Trial Court Opinion, 1/11/16, at 1. This timely direct appeal with appointed counsel followed.

On May 18, 2016, appellate counsel sent a letter to Appellant, informing him that she intended to file a petition for leave to withdraw. Appellate counsel filed an **Anders** Brief on May 19, 2016. On that same day, appellate counsel also filed a petition to withdraw as counsel. Appellant has not filed a *pro se* response to the petition to withdraw as counsel. On August 1, 2016, the Commonwealth sent a letter to this Court indicating that it did not intend to file a responsive brief.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An **Anders** brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa. Super. 2005), and its progeny, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client.

> Counsel must also provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in the **Anders** brief.

**Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (quoting **Commonwealth v. Wright**, 846 A.2d 730, 736 (Pa. Super. 2004)). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnotes and citations omitted).

In this appeal, we observe that appellate counsel's May 18, 2016 correspondence to Appellant provided a copy of the **Anders** Brief to Appellant and advised Appellant of his right either to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the

court's attention. Further, appellate counsel's **Anders** Brief, at 4-5, complies with prevailing law in that counsel has provided a procedural and factual summary of the case with references to the record. Appellate counsel additionally advances relevant portions of the record that arguably support Appellant's claims on appeal. **Id.** at 5-6. Ultimately, appellate counsel cites her reasons and conclusion that Appellant's "case presents no non-frivolous issues for review." **Id.** at 7. Counsel's **Anders** brief and procedures therefore comply with the requirements of **Santiago** and **Orellana**. We therefore proceed to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous.

The **Anders** Brief, at 3, raises one issue for review on appeal:

WHETHER THE INTERESTS OF JUSTICE ENTITLE THE APPELLANT TO A NEW TRIAL AS THE JURY'S VERDICT WAS AGAINST THE WEIGHT OF THE EVIDENCE SUCH THAT IT EFFECTIVELY SHOCKED THE CONSCIENCE.

Rule 607(A) of the Rules of Criminal Procedure provides:

A claim that the verdict was against the weight of the evidence shall be raised with the trial judge in a motion for a new trial:

(1) orally, on the record, at any time before sentencing;

(2) by written motion at any time before sentencing; or

(3) in a post-sentence motion.

The trial court held that, in light of Appellant's failure to file a post-trial or post-sentence motion raising a weight-of-the-evidence claim, Appellant

did not preserve this claim. Trial Court Opinion, 1/11/16, at 2. Appellant contends that he preserved the claim because, after the Commonwealth rested, his trial counsel made an oral motion to dismiss the charges for failure to establish a *prima facie* case. **Anders** Brief, at 5 (citing N.T., 10/20/15, at 94).[4] Rule 607, however, requires the defendant to demonstrate that "the verdict" is against the weight of the evidence. Since the verdict occurs **after** a full trial, **see** Pa.R.Crim.P. 622(A) ("a verdict shall be rendered in all non-jury cases within 7 days after trial"), the defendant cannot raise a weight-of-the-evidence claim **during** trial. Thus, trial counsel's motion "for dismissal for lack of established probable cause or prima facie case for the charges against [Appellant]," N.T., 10/20/15, at 94, did not raise a weight-of-the-evidence claim under Rule 607.

As noted in the **Anders** Brief, at 5, "[i]n his timely [Pa.R.A.P.] 1925(b) Statement [of matters complained of on appeal] filed on December 29, 2015, [] Appellant reiterated his argument that the weight of the evidence failed to support the convictions." To the extent that Appellant contends that the inclusion of this claim in his Pa.R.A.P. 1925(b) Statement is sufficient to preserve it, we disagree. "The fact that appellant raised the [weight-of-the-evidence] issue in a statement of matters complained of on

_____

[4] The **Anders** Brief concludes that trial counsel's oral motion preserved a weight-of-the-evidence claim, but that, in light of ample evidence as to the charges here, including Appellant's own admissions, the claim was meritless. **Anders** Brief, at 5-7.

appeal and that the court then filed an opinion pursuant to Rule 1925(a) does not render the claim reviewable." ***Commonwealth v. Causey***, 833 A.2d 165, 173 (Pa. Super. 2003).

Based on the foregoing, we find Appellant's claim waived. In addition, we have reviewed the certified record consistent with ***Flowers***, 113 A.3d at 1250, and have discovered no additional arguably meritorious issues. Accordingly, we grant appellate counsel's petition to withdraw and affirm the judgment of sentence.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/14/2016